**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0447-WJM-KLM
Consolidated with 12-cv-589-WJM-KLM and
13-cv-3155-WJM-KLM

THOMAS B. WELLS, Derivatively on behalf of Molycorp, Inc.,

    Plaintiff,

v.

MARK A. SMITH,
JOHN L. BURBA,
JOHN F. ASHBURN, JR.,
JAMES S. ALLEN,
ROSS R. BHAPPU,
BRIAN T. DOLAN,
ALEC MACHIELS,
MARK S. KRISTOFF,
CHARLES R. HENRY,
JACK E. THOMPSON,
RUSSELL D. BALL,
RCF MANAGEMENT, LLC.,
PEGASUS CAPITAL ADVISORS, L.P., and
MOLYCORP, INC, a Delaware corporation actually named as a Nominal Defendant,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION

    The above-captioned matter is a consolidated shareholder derivative action filed by Thomas B. Wells on behalf of Molycorp, Inc. ("Plaintiffs") against certain of Molycorp's principles and directors ("Defendants"). Before the Court is Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions ("Motion"), which the Court is reconsidering upon remand from the Tenth Circuit. (ECF No. 20.) For the reasons set forth below, the Court reverses its original

decision and the Motion is now denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2012, Plaintiff Thomas Wells filed a Complaint in the above-captioned matter.  (Compl. (ECF No. 1.))   Similar actions were filed on March 7, 2012 and November 20, 2013, and were later consolidated with this case.[1]  (*See Swaggerty v. Smith, et al.*, No. 1:12-cv-00589-WJM-KLM; *Kayten v. Bhappu*, No. 1:13-cv-3155-WJM-KLM).  Four additional, and nearly identical, derivative lawsuits were also filed in early 2012; two of the lawsuits were filed in the Delaware Court of Chancery, and two were filed in District Court in Arapahoe County, Colorado.[2]

On March 14, 2012, Defendants filed a Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions.  (ECF No. 20.)  The Court granted that Motion on May 16, 2012, finding that abstention was appropriate under *Colorado River Water Conservation District. v. United States*, 424 U.S. 800, 817 (1976), and dismissing this action without prejudice and with leave for Plaintiffs to re-file this action in the Delaware Count of Chancery.  (ECF No. 55 at 6.)

Plaintiffs appealed.  (ECF No. 56.)  While the appeal was pending, the Delaware Court of Chancery granted a stay of the litigation before it until the related securities

---

[1] The Court acknowledges that Plaintiff Kayten has moved to vacate the consolidation order as to his complaint.  (ECF No. 72.)  The Court does not address this issue here.

[2] *Gaines v. Smith, et al.*, Case No. 7282 (Del. Ch.), filed on February 24, 2012, and *Paskowitz v. Smith, et al.*, Case No. 7319 (Del. Ch.), filed on March 9, 2012, were filed in the Delaware Chancery Court.  *Clem v. Smith, et al.*, No. 12 CV 392 (Colo. D. Ct., Arapahoe Cnty.), filed on February 24, 2012, and *Nationwide Consulting, Inc. v. Smith, et al.*, No. 12 CV 448 (Colo. D. Ct., Arapahoe Cnty.), filed March 5, 2012, were filed in District Court in Arapahoe County, Colorado.  On April 3, 2012, the District Court in Arapahoe County entered an Order staying the two derivative cases in Arapahoe County in favor of consolidation in either this Court or the Delaware Court of Chancery.

class action, pending in this Court, was resolved.  (*See In re Molycorp., Inc. Securities Litigation*, No. 1:12-cv-292-RM-KMT.)  The Tenth Circuit vacated the Court's May 16, 2012 Order and remanded the case to this Court "with instructions to consider arguments from the parties (including permitted new briefs and oral arguments) concerning the effects, if any, on this litigation of the stay granted by the Delaware Court of Chancery on May 15, 2013 in the action captioned *In re Molycorp, Inc. Shareholder Derivative Litigation*, C.A. No. 7282-VCN."  (ECF No. 61 at 1-2.)

The Court then ordered the parties to submit supplemental briefs addressing the Tenth Circuit's remand order.  (ECF No. 66.)  The briefs were timely filed.  (ECF Nos. 68-69.)  In addition to addressing the effect of the stay, Plaintiffs' supplemental brief informed the Court of other developments in the Delaware litigation.  (ECF No. 69 at 12.)  Specifically, the Delaware plaintiffs had sought leave to file an amended complaint that would materially change the nature of the claims in that case, and moved to lift the stay because its new claims were not related to the securities class action litigation.  (*Id*.)

On May 19, 2014, Plaintiffs filed a copy of the Delaware Chancery Court's May 12, 2014 Order granting leave to file an amended complaint and lifting the stay of that action.  (ECF No. 79-1.)  The Delaware court noted that the now-operative complaint "focuses exclusively on the Molycorp board's decisions surrounding the June 2011 offering", alleging "that Molycorp directors breached their fiduciary duties by permitting the company's private equity investors, who exercised their contractual rights to require the company to initiate the June 2011 offering, to sell their Molycorp stock and receive approximately $575 million in gross proceeds while preventing the company from

3

participating in raising much-needed capital." (ECF No. 79-1 at 8.) The Delaware court lifted the stay because the new claims do not significantly overlap with the securities class action. (*Id.* at 17-18.)

Having reviewed the Delaware court's decision, this Court directed Defendants to file a supplemental brief addressing whether this action could still be considered parallel to the Delaware action, given the amendment of the pleadings in that case. (ECF No. 81.) Defendants filed that brief on June 18, 2014 (ECF No. 82), and the matter is now ripe for review.

## II. ANALYSIS

In the original Motion, Defendants argued that the Court should consolidate the Derivative Actions in a single jurisdiction and dismiss or stay the cases before this Court pending the outcome of the Delaware action. (ECF No. 20.) Defendants maintain this position, and argue that they should still be permitted to defend against only one derivative action at a time. (ECF No. 82.)

The Court's prior order granting Defendants' Motion relied upon the so-called *Colorado River* doctrine, which governs a federal court's authority to preside over a case when there is a concurrent action pending before a state court. *See Colorado River*, 424 U.S. at 817. The first step under the *Colorado River* analysis is determining "whether the state and federal proceedings are parallel." *Allen v. Board of Educ.*, 68 F.3d 401, 403 (10th Cir. 1995). Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* The Court examines "the state proceedings as they actually exist to determine whether they are parallel to the

federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Id.* If the cases are not parallel, the federal court must exercise jurisdiction. *Allen*, 68 F.3d at 403.

When the Court granted Defendants' Motion in May 2012, the parties were in agreement that this action was parallel to the Delaware action. (*See* ECF No. 55 at 4.) At that point, the plaintiffs in both this case and the Delaware action brought claims for breach of fiduciary duty based on Defendants' allegedly false statements in registration statements issued in conjunction with a February 2011 secondary stock offering. (Compl. at 3-4, 36-37.) Plaintiffs in both cases alleged that these false statements, combined with subsequent false statements in other public filings, artificially inflated Molycorp's stock price to the benefit of Defendants, who sold their shares at the higher price. (*Id.*) Plaintiffs in both cases also alleged that Defendants traded on non-public information, wasted corporate assets, and were unjustly enriched at the expense of the corporation. (*Id.* at 38-40.)

The claims at issue in this consolidated action remain unchanged. However, the nature of the claims in the Delaware case have changed significantly. (ECF No. 79-1.) While this action still centers on Defendants' allegedly false statements used to artificially inflate Molycorp's stock prices, the Delaware action now involves strategic decisions made by Molycorp's board of directors. In lifting the stay of that action, the Delaware court stated that the plaintiffs in that case "no longer seek to prosecute claims for material misstatements, for indemnification, or for trading on material, non-public information." (*Id.* at 9.) As Plaintiffs here point out, these allegations are "the very crux

of the present action." (ECF No. 69 at 10.)

A federal court may enter a stay under the *Colorado River* doctrine only if it has "full confidence" that the parallel state litigation will end the parties' dispute. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988). As currently postured, the Delaware action will no longer resolve key issues in this case, such as whether Defendants' statements made in conjunction with the secondary stock offering were false and misleading, whether these allegedly false statements artificially inflated the stock price, whether Defendants breached any fiduciary duty by selling Molycorp stock based on non-public information, or whether any Defendants were unjustly enriched by receiving compensation while abdicating their fiduciary duties. As such, the Court finds that the actions are no longer parallel.

As the Court has found that this action is not parallel to the Delaware action, *Colorado River* abstention does not apply. *See Allen*, 68 F.3d at 403 (directing the district court to retain jurisdiction if it determines the cases are not parallel, and only determine whether to abstain under the *Colorado River* doctrine if it first finds the cases are parallel); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1182 ("[A] finding of parallel proceedings is a threshold condition for engaging in the *Colorado River* analysis.").

Additionally, the Court finds that the alternate bases for requesting a stay raised in Defendants' Motion no longer apply. All of Defendants' arguments are predicated on the similarities between this case and the Delaware action, as of the time the Motion was filed in March 2012. Given the significant changes to the Delaware action since

the Motion was filed, the arguments raised in Defendants' brief are not persuasive.  The Court sees no reason to stay this case pending resolution of the Delaware action.[3]

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Proceed in One Jurisdiction (ECF No. 20) is DENIED;

2. Magistrate Judge Kristen L. Mix is requested to set a Status Conference to discuss the next procedural step in this case.

Dated this 15th day of July, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

---

[3] Nothing in this Order precludes Defendants from filing a separate motion seeking a stay of this litigation pending resolution of the securities class action case.  (*See* Civil Action No. 1:12-cv-292-RM-KMT.)