IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0447-WJM-KLM

Consolidated with 12-cv-589-WJM-KLM and
                13-cv-3155-WJM-KLM

THOMAS B. WELLS,
JAMES SWAGGERTY, and
AVERY JAMES KAYTEN,
Derivatively on behalf of Molycorp, Inc.,

      Plaintiffs,

v.

MARK A. SMITH,
JOHN L. BURBA,
JOHN F. ASHBURN, JR.,
JAMES S. ALLEN,
ROSS R. BHAPPU,
BRIAN T. DOLAN,
ALEC MACHIELS,
MARK S. KRISTOFF,
CHARLES R. HENRY,
JACK E. THOMPSON,
RUSSELL D. BALL,
RCF MANAGEMENT, LLC.,
PEGASUS CAPITAL ADVISORS, L.P., and
MOLYCORP, INC, a Delaware corporation actually named as a Nominal Defendant,

      Defendants.

## ORDER DENYING PLAINTIFF AVERY JAMES KAYTEN'S
## MOTION TO VACATE CONSOLIDATION ORDER

The above-captioned action is a shareholder derivative lawsuit filed on behalf of

Molycorp, Inc. against certain of Molycorp's principals and directors ("Defendants").

Before the Court is consolidated Plaintiff Avery James Kayten's Motion to Vacate

Consolidation Order ("Motion").  (ECF No. 72.)  For the reasons set forth below, the Motion is denied.

## I.  BACKGROUND

On February 21, 2012, Plaintiff Thomas Wells filed a complaint alleging that Defendants breached their fiduciary duties by making false statements in conjunction with a number of stock offerings, that they wasted corporate assets and were unjustly enriched by a series of transactions that occurred in 2011 and 2012, and that certain Defendants engaged in insider selling and misappropriation of information.  (ECF No. 1.)  Plaintiff Wells did not make any demand on Molycorp's Board of Directors ("Board) before filing his lawsuit; instead, his complaint alleges that "such a demand would be a futile, wasteful, and useless act".  (*Id*. ¶ 81.)  Wells's so-called "demand futile" complaint is based on the theory that the Board is not sufficiently disinterested to be able to perform its fiduciary duties.  (*Id*. ¶¶ 92-95.)

On March 7, 2012, Plaintiff James Swaggerty filed his complaint bringing the same causes of action against the same Defendants.  (Civil Action No. 1:12-cv-589, ECF No. 1.)  Swaggerty also made no demand on the Board before filing his complaint, instead alleging that such demand was futile.  (*Id*. p. 31.)

On October 3, 2013, the Court granted Plaintiff Wells's and Swaggerty's Motion to Consolidate Cases.  (ECF No. 67.)  The Court found that the cases involved common questions of law and fact, including common parties and claims.  (*Id*. at 2.)

On November 20, 2013, Plaintiff Avery James Kayten filed his complaint against

most of the same Defendants[1] for breach of fiduciary duty, corporate waste, unjust enrichment, and insider selling/misappropriation of information. (Civil Action No. 1:13-cv-3155, ECF No. 1.) Unlike Wells and Swaggerty, before filing his complaint, Kayten make a written demand on the Board in accordance with Delaware Chancery Court Rule 23.1. (*Id.* ¶ 2.)

On December 11, 2013, the Court *sua sponte* consolidated the Kayten complaint with the Wells/Swaggerty action ("Consolidation Order"). (ECF No. 14.) The Consolidation Order noted that the Plaintiffs in both cases bring identical types of claims, that the Defendants are nearly identical, and that most of the predicate facts are the same. (*Id.*) Though the cases were consolidated, the Court stated that Kayten would not be prejudiced "as his claims will remain pending, albeit in a consolidated action." (*Id.* at 4.)

On December 27, 2013, Kayten filed the instant Motion asking the Court to vacate its consolidation order. (ECF No. 72.) Defendants filed their opposition on January 21, 2014 (ECF No. 75), and Kayten filed his reply on February 7, 2014 (ECF No. 76). Neither Wells nor Swaggerty has taken a position on the instant Motion.

## II. ANALYSIS

Though titled a Motion to Vacate Consolidation Order, the Court construes the Motion as one asking for reconsideration of the prior Consolidation Order. A district

---

[1] Kayten's complaint does not name Jack E. Thompson as a Defendant, but adds Constantine E. Karayannopoulos, Michael F. Doolan, John Graell, Michael Schwarzkopf, and Traxys North America LLC as Defendants. (Civil Action No. 13-cv-3155, ECF No. 1.) It appears these individuals became members of Molycorp's Board after the Wells and Swaggerty Complaints were filed. (*Id.* pp. 8-9.)

court has broad discretion to reconsider its interlocutory rulings before the entry of judgment. See Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Further, consolidation is committed to the sound discretion of the trial court. Chimal v. Sledge, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Skaggs v. Level 3 Comm'ns, Inc., 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Kayten argues that consolidation of his complaint with the Wells/Swaggerty complaints is not proper because his is a "demand made" case, while the others are "demand futile" cases. (ECF No. 72-1 at 7.) Delaware courts have distinguished between these types of cases as follows:

> The focus of a complaint alleging wrongful refusal of demand is different from the focus of a complaint alleging demand futility. The legal issues are different; therefore, the legal standards applied to the complaints are necessarily different. A shareholder plaintiff, by making demand upon a board before filing suit, "tacitly concedes the independence of a majority of the board to respond. Therefore, when a board refuses a demand, the only issues to be examined are the good faith and reasonableness of the investigation."

4

> When a shareholder files a derivative suit asserting a claim of demand futility, hence demand excused, the basis for such a claim is that the board is (1) interested and not independent; and (2) that the transaction attacked is not protected by the business judgment rule.

*Levine v. Smith*, 591 A.2d 194, 212 (Del. 1991). Kayten argues that this difference in the legal issues between a "demand made" and "demand futile" case means that consolidation is inappropriate.

Review of cases from other courts shows that there is no uniformly accepted approach to this issue. Some courts have found that consolidation of "demand made" with "demand futile" claims is appropriate. *See, e.g., Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) ("Notwithstanding Plaintiff Kellmer's and Plaintiff Mandel's arguments that 'demand made' and 'demand futile' should not be consolidated into one action, the Court finds that this distinction is insufficient to necessitate separate actions at this point in the litigation.") Others have refused to consolidate these types of claims. *See, e.g., In re HP Derivative Litig.*, 2011 WL 5914216, *3 (N.D. Cal. Nov. 28, 2011) (finding that "demand made" and "demand futile" cases are "categorically different" such that there would be no benefit to consolidation).

Having reviewed the relevant cases and considered the facts of this case, the Court finds that consolidation is appropriate, at least for the pretrial stages of this lawsuit. The different legal standards that apply to "demand made" cases as compared to "demand futile" cases will mainly affect the later stages of this litigation, particularly dispositive motions and trial. They have less impact on pretrial matters such as general case management and discovery obligations.

Kayten acknowledges that courts typically attempt to "coordinate" shareholder derivative litigation, even where both "demand made" and "demand futile" claims are at issue. (ECF No. 72-1 at 11.) Kayten asks that the Court order that his case be "coordinated" with the Wells/Swaggerty cases rather than consolidated. The Court fails to see any meaningful distinction between consolidation and coordination in this case. Though it has ordered that the cases be consolidated, it did not—and will not—order the filing of a consolidated complaint. (*See* Civil Action No. 1:13-cv-3155, ECF No. 14.) The Court expects this case to be handled as a consolidated action for purposes of all pretrial matters, but makes no determination as to the suitability of a joint trial at this juncture of the proceedings. The Court will consider whether a joint trial or separate trials are appropriate if and when the case proceeds to that point.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff Avery James Kayten's Motion to Vacate Consolidation Order (ECF No. 72) is DENIED.

Dated this 7th day of August, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

6