IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00447-WJM-KLM

THOMAS B. WELLS, derivatively on behalf of Molycorp, Inc.,

      Plaintiff,

v.

MARK A. SMITH, *et al.*

      Defendants, and

MOLYCORP, INC., a Delaware corporation,

      Nominal Defendant.

and

Civil Action No. 12-cv-00589-WJM-KLM

JAMES SWAGGERTY, derivatively on behalf of Molycorp, Inc.,

      Plaintiff,

v.

MARK A. SMITH, *et al.*

      Defendants, and

MOLYCORP, INC., a Delaware corporation,

      Nominal Defendant.

and

Civil Action No. 13-cv-03155-WJM-KLM

AVERY JAMES KAYTEN, derivatively on behalf of Molycorp, Inc.,

      Plaintiff,

v.

1

ROSS R. BHAPPU, *et al.*

Defendants, and

MOLYCORP, INC., a Delaware corporation,

Nominal Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' opposed **Motion to Stay** [#94] (the

"Motion").  Plaintiffs filed Responses [#97, #98], and Defendants filed Replies [#99, #100].

For the reasons stated below, the Court **GRANTS** the Motion [#94].

## I.  Background

This action consists of three consolidated cases: (1) *Wells v. Smith*, No. 12-cv-

00447-WJM-KLM, (2) *Swaggerty v. Smith*, No. 12-cv-00589-WJM-KLM, and (3) *Kayten v.*

*Bhappu*, No. 13-cv-03155-WJM-KLM (collectively, the "Derivative Actions").  The *Wells* and

*Swaggerty* cases were consolidated under the *Wells* caption and complaint.  *Order* [#67].

These Actions are derivative of two securities class actions.  *See generally Motion*

[#95] at 3-7.  The Colorado class action is styled *In re Molycorp, Inc. Securities Litigation*,

No. 12-cv-00292-RM-KMT (D. Colo.).  *Id.* at 4 n.1.  It was initially filed on February 3, 2012,

alleging that "Defendants made false statements in Molycorp's public filings and during

earnings calls and investor presentations over a nine month period in 2011."  *Id.* at 3

(citation omitted).  The Complaint "contends that Molycorp, its board of directors, and

certain stockholders caused such statements to be made to inflate the price of Molycorp

stock and sell shares in offerings made in February and June 2011 [in] violation of sections

10(b) and 20(a) of the Securities Exchange Act of 1934."  *Id.*  "The Complaint also includes

claims under sections 11 and 15 of the Securities Act of 1933 against Molycorp, certain members of the Board, and various underwriters in connection with the stock and debenture offerings." *Id.* at 3-4.  A motion to dismiss the Colorado class action has been pending and fully ripe as of February 4, 2013.  *Id.* at 4 n.1.

The second Securities Class Action, deemed the New York class action and styled *In re Molycorp, Inc. Securities Litigation*, No. 13 Civ. 5697 (PAC) (S.D.N.Y.), was initially filed on May 19, 2014.  *Id.* at 4 & 4 n.2.  It "asserts claims under Sections 10(b) and 20(a) of the 1934 Act on behalf of a putative class of purchasers during the period February 21, 2012 through October 15, 2013."  *Id.* at 4.  It further alleges that "Molycorp and certain of its officers made materially false and misleading statements or omissions" regarding various aspects of the company.  *Id.*  A motion to dismiss is pending in the New York class action as well but is not expected to be fully briefed until December 11, 2014.  *Id.* at 4 n.2.

On July 15, 2014, the District Judge denied Defendants' Motion to Proceed in One Jurisdiction and denied Defendants' request for a stay predicated on the similarities between the Derivative Actions and another related case in Delaware, "[g]iven the significant changes to the Delaware action since the Motion was filed . . . ."  *Order* [#84] at 6-7.  The District Judge advised Defendants at that time that the Order did not preclude "Defendants from filing a separate motion seeking a stay of this litigation pending resolution of the [Colorado class action]."  *Id.* at 7 n.3.

Following a Status Conference with the undersigned, *Minute Entry* [#92], the present Motion [#94] seeking a stay was filed.  Defendants seek a stay on both the *Wells* and the *Kayten* complaints pending resolution of the Colorado class action and a further stay on the *Kayten* complaint pending resolution of the New York class action.  *Motion* [#94] at 2.

## II.  Standard

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006). However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending. *Id.* The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. and Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010). Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay. *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011). In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to stay a case invokes the discretion of the Court under the circumstances at issue. *See, e.g., id.*

Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending. *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22

4

(2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

### III.  Analysis

The factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience of the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest.  *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

### A.    Plaintiffs' Interests and Potential Prejudice

The Court first examines Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay.  *Id.*  Defendants argue in the Motion that the breach of fiduciary claims in *Wells* and *Kayten* are central to the consolidated action and "seek relief for the risk and expense related to the Securities Class Actions." [#95] at 10.  They state that those Complaints assert "what amounts to a claim for indemnification against Molycorp's directors and officers for injuries they believe [MolyCorp] *might* incur in the Securities Class Actions . . . ."  *Id.* (emphasis in original). Defendants further aver that these claims "are contingent on the outcome of one or both of the Securities Class Actions, so [Plaintiffs] have no real interest in proceeding

expeditiously or altering the 'sensible ordering of events' by opposing the entry of a stay here." *Id.* at 11 (citation omitted).

Plaintiffs argue in the Response that they would be prejudiced because it is unclear how long a stay might last and that it could potentially last for years. [#97] at 13.  They assert that "Defendants' liability in this case goes well beyond the harm presented by the Colorado [c]lass [a]ction" and includes "the devastating hit to Molycorp's credibility, as reflected by [Molycorp's] almost $3.5 billion market capitalization loss." *Id.* at 14.  Plaintiffs also state that "Molycorp incurred significant costs in connection with the improper compensation and benefits paid to the Individual Defendants while they were breaching their fiduciary duties owed to [Molycorp]." *Id.*  They further aver that:

> This Action seeks to remedy the misconduct through corporate governance reforms to help ensure [Molycorp] is not the victim of similar wrongful actions again. [footnote omitted].  Corporate governance and internal control reforms at [Molycorp] are imperative and need to be implemented immediately in order to address the harms the Individual Defendants are causing [Molycorp]. Staying this Action would unjustly delay these reforms, causing more harm to [Molycorp] and its shareholders.

*Id.* at 15.  Finally, Plaintiffs assert that a stay will prevent them from prosecuting claims that are independent of the Securities Class Actions.  *Response* [#98] at 3.  They specifically point to an independent claim for breach of fiduciary duty asserted in the *Kayten* Complaint. *Id.* at 4.

Defendants in the Reply argue that Plaintiffs' Response fails to identify any concrete prejudice Plaintiffs will suffer as the result of a stay. [#100] at 4.  They state that Plaintiffs have not shown that they will be prejudiced by not immediately recovering assets, if recovery is warranted.  *Id.* at 6.  Defendants also point out that Plaintiffs failed to identify any of the corporate governance changes and internal control reforms they say are necessary, and that it is "difficult to imagine how the 'Individual Defendants' are causing

any continuing harm to [Molycorp] considering none of the officers named as Individual Defendants in the *Wells* complaint still work for Molycorp [footnote omitted] and two of the outside directors have left the Board." *Id.  See also Reply* [#99] at 3-4 (in which Nominal Defendant Molycorp voices its opposition to a stay).

The Court agrees with Defendants. "Although Plaintiff[s] may suffer some prejudice as a result of a stay, the Court finds that any such prejudice appears minimal in light of the particular circumstances of this case." *Fusion Specialties, Inc. v. China Network Leader, Inc.*, No. 12-cv-00009-CMA-KMT, 2012 WL 3289077, at *4 (D. Colo. Aug. 11, 2012).  First, a delay in the recovery of monetary damages, without more, is not prejudice. *Pharmatech Oncology, Inc. v. Tamir Biotech., Inc.*, No. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *1 (D. Colo. Oct. 3, 2011).  Second, Plaintiffs fail to specify the alleged ongoing harm being caused to the company or the unidentified "necessary" reforms they allegedly seek.  *See Reply* [#99] at 3.  The Court will not presume that such unidentified harms will occur and will cause prejudice to Plaintiffs.  Third, generalized assertions regarding the fading of witness memories and the preservation of evidence are insufficient in the absence of a showing that such evidence is not subject to a preservation order.  *See Mohammed ex rel. Chipotle Mexican Grill, Inc. v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 1942216, at *3 (D. Colo. May 10, 2013).  Thus, while Plaintiffs have a generalized interest in proceeding expeditiously with this case, they have not sufficiently demonstrated that they will be prejudiced by a stay.  This factor weighs in favor of the imposition of a stay.

## B.   Defendants' Burden

This issue concerns whether Defendants will be unfairly burdened if discovery proceeds before rulings are issued in the other matters.  *See String Cheese Incident, LLC*, 2006 WL 894955 at *2.  Defendants state in the Motion that Molycorp is the real party in

interest in this derivative action and will suffer prejudice in the absence of a stay. [#95] at 11. They state that Plaintiffs' claims regarding breach of fiduciary duty "require proof of many of the same facts the plaintiffs in the Securities Class Actions must show to hold Molycorp liable for securities fraud." *Id.* "While the Securities Class Action plaintiffs assert that Molycorp is *liable* for this alleged misconduct [footnote omitted], *Wells* and *Kayten* are making the same claims *on behalf of* Molycorp." *Id.* at 12 (emphasis in original). Thus, Defendants emphasize the burden on Molycorp of fighting multiple legal battles simultaneously. *Id.*

In their Response, Plaintiffs argue that courts regularly permit the simultaneous prosecution of related federal derivative and securities class actions. [#97] at 15-16 (collecting cases). They also generally argue without apposite support that "proceeding with this Action would not divert resources from the defense of the Colorado [c]lass [a]ction." *Id.* at 17. Plaintiffs also argue that there is no undue burden on Defendants because proceeding with the present derivative action would allow the parties to "get past threshold issues that are unique to this shareholder derivative action, including whether Plaintiffs have standing to pursue the derivative claims on Molycorp's behalf," and allow the parties to "gain efficiencies through coordination with the Colorado Class Action, including avoiding duplicative and costly discovery." *Id.*

The Court is not inclined to prejudge the merits of dispositive motions filed in other cases; however, the Court recognizes that proceeding with discovery would be wasteful should the motions to dismiss be granted. "Defendants face a substantial burden if they are forced to fight multiple legal battles simultaneously." *Mohammed*, 2013 WL 1942216, at *3. Furthermore, the majority of this action may be rendered moot depending on the outcome of the Colorado class action and the New York class action. *See id.* Thus, this

8

factor weighs in favor of imposing a stay.

## C.      Convenience to the Court

Entry of a stay may cause significant delay in the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.   Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.   *See* WJM Practice Standards §§ II.D, III.D, III.E  (Nov. 1, 2011).   However, it is also certainly more convenient for the Court to stay discovery until it is clear that some or all of the case will proceed.   *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").   Further, this case is a shareholder derivative action.  Thus:

> Though Plaintiffs would certainly have an opportunity to conduct full discovery following the litigation of the securities class actions, the Court believes that postponing discovery in this case would actually be more efficient.  Given the considerable substantive overlap between this case and the securities class actions, much of the relevant discovery will be the same.  Because Plaintiffs may access deposition transcripts, interrogatories, and other discovery materials created during the securities litigation, Plaintiffs could focus their discovery efforts in this case on only those issues that they wish to further develop.  Importantly for this factor, a narrowed scope of discovery reduces the Court's burden of overseeing discovery and resolving any disputes arising therefrom.  The Court's resources are also, of course, preserved by avoiding the unnecessary adjudication of dispositive motions.

*Mohammed*, 2013 WL 1942216, at *4.  The Court therefore finds that this factor weighs in favor of the imposition of a stay.

## D.      Interest of Non-Parties

The Court has already addressed the minimal impact on shareholders above, and

the parties identify no other nonparties with significant particularized interests in this case. *See, e.g.*, *Response* [#97] at 20; *Mohammed*, 2013 WL 1942216, at *4. The Court finds that this factor does not weigh in favor of or against imposition of a stay.

**E.      The Public Interest**

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible. *See, e.g.*, *Response* [#97] at 20. In light of the issues outlined above, the Court finds that considerations of fairness and efficiency will be advanced by imposition of a stay. Further, the Court has already addressed the impact of corporate reform above, which informs the Court's decision that a quick resolution of the present case will not significantly impact the public. *See Mohammed*, 2013 WL 1942216, at *4. Hence, this factor weighs in favor of entry of a stay.

**F.      Standing**

Finally, the Court notes that Plaintiffs argue briefly that "proceeding with this derivative Action would allow all parties to . . . get past threshold issues that are unique to this shareholder derivative action, including whether Plaintiffs have standing to pursue the derivative claims on Molycorp's behalf . . . ." *Response* [#97] at 17. Standing is a threshold requirement, and without it, the Court lacks jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-493 (2009). However, the Court makes several observations with respect to the potential standing issue. First, the statement quoted above is the entirety of Plaintiffs' reference to standing. Second, to date Defendants have not asserted that Plaintiffs lack standing to pursue any aspect of this litigation. Third, as alluded to above, there is no indication that any prejudice will accrue to Plaintiffs by not immediately addressing this issue or any other issue in this lawsuit. Fourth, discovery in the class

actions may well shed light on the issue of standing in this lawsuit.   Taking these considerations altogether, the Court finds that Plaintiffs' brief allusion to the issue of standing is an insufficient basis on which to deny Defendants' request for a stay.

## IV.  Conclusion

Application of the *String Cheese* factors results in the conclusion that imposition of a stay is justified in this case.   Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#94] is **GRANTED**.   This matter is **STAYED** until further order of the Court.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report within ten days of resolution of the Colorado class action.   The Joint Status Report shall include the parties' respective positions regarding the continued efficacy of a stay on all or part of this lawsuit.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report within ten days of resolution of the New York class action.   The Joint Status Report shall include the parties' respective positions regarding the continued efficacy of a stay on all or part of this lawsuit.

Dated:  December 8, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge